THE GENERAL COUNSEL GROUP, P.C.
Donald G. Ezzell, Esq., Bar No. 147253
David C. Read, Esq., Bar No. 196099
633 West Fifth Street, Suite 2800
Los Angeles, California 90071
Telephone (213) 223-2040
Facsimile (213) 223-2041

Attorneys For Plaintiff
CD LISTENING BAR, INC. d/b/a/ SUPER D and
SUPER D/PHANTOM SOUND & VIDEO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| AMARU ENTERTAINMENT, INC., a Delaware Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>CD LISTENING BAR, INC., a California Corporation doing business as Super D, Phantom Distribution, Super D/Phantom, and Phantom Sound and Vision; and Does 1 to 10.<br><br>    Defendants.<br>_____<br>And Related Cross-Action. | CASE NO. SACV06-1123 ODW (RNBx)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br><br>Pre-Trial Date: July 7, 2008<br>Trial Date:     August 5, 2008 |

      IT HAVING BEEN STIPULATED AND AGREED by the undersigned parties to this action that the following proposed Protective Order be entered, the Court hereby enters this protective order, as follows:

      1.    In the event that any party reasonably and in good faith believes certain information, documents or things are extraordinarily sensitive and, therefore, appropriate for

1 protection from disclosure, such items may be designated and marked "CONFIDENTIAL –
2 UNDER PROTECTIVE ORDER." A designation of Materials as Confidential is appropriate
3 where there is a danger that the party producing the Materials could be prejudiced or harmed by
4 the disclosure of trade secrets and/or confidential business information.

5     2. In lieu of marking a document CONFIDENTIAL prior to inspection, the producing
6 party or its counsel may orally designate any document or other Material being produced for
7 inspection by counsel for a party as CONFIDENTIAL, thereby making it, and the information it
8 contains, subject to this Protective Order.

9     3. In the event that a party or other person produces Material that any party deems in
10 good faith to require designation as CONFIDENTIAL, that party may, within fourteen (14) days
11 following the receipt of the Material, designate the material as CONFIDENTIAL. The Materials
12 so designated are to be treated thereafter in accordance with this Protective Order.

13     4. Information disclosed at a deposition may be designated as CONFIDENTIAL (1)
14 by indicating on the record during the deposition that the testimony is CONFIDENTIAL and
15 subject to the provisions of this Protective Order, in which case the court reporter will be directed
16 to prepare a separate transcript containing the CONFIDENTIAL Material; or (2) within fourteen
17 (14) calendar days following receipt of the transcript by counsel for the designating party, by
18 notifying all parties in writing of the specific pages of the transcript that are to be treated as
19 CONFIDENTIAL and thereafter protected by this Order.

20     5. Inadvertent failure to designate Materials as CONFIDENTIAL shall not constitute
21 a waiver, and may be corrected by prompt written notice in a manner consistent with paragraphs 3
22 and 4 above. The receiving party shall thereafter mark and treat the materials as
23 CONFIDENTIAL, and such materials shall be fully subject to this Protective Order as if they had
24 been initially so designated.

25     6. If, at any time, any party reasonably and in good faith believes Materials designated
26 by the opposing part as "CONFIDENTIAL" have been improperly so designated, such party can
27 oppose the designation by serving on all other parties a written notice of objection, briefly stating
28 the reasons why the Material should not be protected. During a FIVE (5) court day period

following service of the objection (the "Meet and Confer Period"), the objecting and designating parties shall try to resolve the dispute. If neither the designation nor the objection is withdrawn, the objecting party may, within TEN (10) court days after the Meet and Confer Period, move the Court for an order removing the CONFIDENTIAL designation. The burden of proving that Materials designated as CONFIDENTIAL have been improperly so designated shall be on the party objecting to such designation. If, after objection, the meet and confer period expires and the time to bring a motion expires without a motion having been filed, the designation will stand.

7. Access to Material designated CONFIDENTIAL, and to any portion of any transcript, brief, declaration, memorandum or other paper that contains, reveals or refers to Materials so designated, shall be limited to outside counsel of record; the clerical employees of such counsel to the extent necessary to perform their duties; Non-party experts or consultants retained to assist counsel of record in this case; *provided*, *however*, that such experts sign the Undertaking attached hereto as **Exhibit "A"**; Court reporters involved in transcribing depositions or other proceedings in this litigation; *provided*, *however*, that they agree to be subject to the terms of this Order; Deponents and trial witnesses during the course of their depositions or trial testimony; *provided*, *however*, that they sign the Undertaking attached hereto as **Exhibit "A"**; and the Court and related officials involved in this case, including judges, commissioners, Court-appointed referees, members of the jury, if any, in the case, and other Court personnel. Parties may have access to CONFIDENTIAL documents produced by the opposing party only if necessary in order to assist their counsel in the preparation of the case. Parties given access to CONFIDENTIAL documents of the opposing party must also execute **Exhibit "A."**

8. Counsel for the respective parties shall retain all executed Undertakings for their respective sides. This Stipulation does not require the Undertaking be delivered to other parties or require the disclosure of experts or consultants, except as otherwise required by applicable rules of procedure.

9. Each recipient of CONFIDENTIAL Material shall maintain such Material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use, and dissemination of such Material as is exercised by the recipient with respect to its own

1 confidential and proprietary material.

2     10.    Except upon consent of the designating party or upon order of the Court, any and all CONFIDENTIAL Materials produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those Materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.

7     11.    Any papers filed with the Court that contain or reveal Materials designated CONFIDENTIAL shall be conditionally lodged under seal. The designating party shall file a motion within thirty (30) days seeking to have the Material filed under seal. In the event the designating party does not file a motion to have the Material filed under seal, or the motion to have the Material filed under seal is denied, the Material shall be filed as part of the records of the Court if the Court determines that the Material is relevant to the matter before the Court and admissible. If the Material is not determined to be relevant and admissible, it shall be returned to the proffering party and shall continue to be subject to the terms of this Stipulated Protective Order. Documents stamped CONFIDENTIAL, or which contain confidential information, shall not be filed electronically in the CM/ECF electronic filing system. All electronically filed documents must be redacted to remove confidential information prior to filing. CONFIDENTIAL documents, or documents containing confidential information, may be submitted as courtesy copies to chambers.

20     12.    Within thirty (30) days after final determination or settlement of this action, all Materials designated CONFIDENTIAL that have been produced by the designating party to another party during the course of this action shall be delivered to counsel for the designating party, and all reproductions, copies, abstracts, indices, summaries or any other embodiment of such Materials shall either be delivered to counsel for the producing party or destroyed. All electronic copies of CONFIDENTIAL documents must also be destroyed, including electronic copies in portable document format (pdf) or any other electronic format.

27     13.    If any Material designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately

1 bring all pertinent facts relating to such disclosure to the attention of the opposing party and the

2 designating party, and without prejudice to the rights and remedies of the designating party, make

3 every effort to prevent further unauthorized disclosure on its own part or on the part of the

4 recipient of such Material.

5     14.    Nothing in this Order shall be construed as requiring disclosure of materials

6 privileged under the attorney/client privilege, the attorney work product doctrine, or any other

7 applicable privilege. Nothing in this Protective Order shall be construed as a waiver by a party of

8 any objections that might be raised as to the admissibility at trial of any designated materials. The

9 parties and each of their counsel understand and acknowledge that a violation of this Protective

10 Order may result in contempt sanctions imposed by the Court. The terms of this order shall

11 survive any final disposition of this case, unless otherwise ordered by the Court. The Court shall

12 retain jurisdiction to enforce or modify this Protective Order.

13     15.    The Court shall have power to enforce this Order by contempt or otherwise. Any

14 party that moves to enforce this Order shall be entitled to all reasonable attorneys' fees necessary

15 to enforce the Order, if the Court finds that such motion was brought in good faith and with

16 substantial justification in the facts.

**APPROVED AND SO ORDERED:**

DATED: April 11, 2008     _____

    Hon. Otis D. Wright, II
    JUDGE OF THE UNITED STATES
    DISTRICT COURT

DATED: March __, 2008          THE GENERAL COUNSEL GROUP, P.C.

By:_____
    Donald G. Ezzell, Esq. (SBN 147253)
    David C. Read, Esq. (SBN 196099)
    633 West Fifth Street, Suite 2800
    Los Angeles, CA 90071
    (213) 223-2040

Attorneys for Defendant CDLB


DATED: March __, 2008          FARBER & COMPANY LLP


By_____
    Eric J. Farber, Esq. (SBN 169472)
    847 Sansome Street, Suite LL
    San Francisco, CA 94111
    (415) 434-5320
    Attorneys for Plaintiff Amaru Entertainment

[PROPOSED] PROTECTIVE ORDER

**EXHIBIT "A" FOLLOWS**

STATE OF_____)
                 ) ss.
COUNTY OF_____)

        I, _____, hereby certify that:

        1.    My present address is _____
                                         _____.
        2.    My present employer is _____.
        3.    My present occupation or job description is _____.
        4.    I have received a copy of the Protective Order in Case No. SAV06-1123 ODW, *Amaru Entertainment, Inc., v. CD Listening Bar, et al.*, United States District Court, Central District of California, and agree to be bound by the terms of that Protective Order.
        5.    I have carefully read and understand the provisions of the Protective Order.
        6.    I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL information or documents provided to me.
        7.    I will return all materials containing CONFIDENTIAL information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession, and documents or things that I prepared relating thereto and containing such CONFIDENTIAL Information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.
        8.    I understand that if I violate the provisions of this Protective Order I am in contempt of court and may be punished by the Court accordingly.
        9.    I hereby submit to the jurisdiction of the Court for the purpose of enforcement of this Protective Order against me.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated:    _____                                         _____
                                                                                          Signature

THE GENERAL COUNSEL GROUP, P.C.
ATTORNEYS AT LAW
633 W. 5TH STREET, SUITE 2800
LOS ANGELES, CA 90071
(213) 223-2040